JON M. SANDS
Federal Public Defender
JAMES D. RAEL #034405
Assistant Federal Public Defender
250 North 7th Avenue, Suite 600
Phoenix, Arizona 85007
(602) 382-2700
james_rael@fd.org
*Attorney for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

vs.

Luis Alfredo Medina Beltran,

Defendant.

No. CR-24-02018-01-PHX-SHD

**DEFENDANT'S SENTENCING MEMORANDUM**

Luis Alfredo Medina Beltran ("Medina Beltran") respectfully requests that the Court impose no additional custodial time and order two years of supervised release. This will be a sufficient but not greater than necessary sentence, and it will accomplish the Court's sentencing goals.

## I. Preliminary Statement

Medina Beltran exhibits exceptional post-offense rehabilitation. *See* Pretrial Services Report (Doc. 101). This includes mental health treatment, individual therapy, drug and alcohol monitoring, English classes, and gainful employment at Caretaker Landscaping. Medina Beltran acknowledges that his offense conduct is serious. Given his youth, his offense conduct relative to that of his co-defendants, and his efforts to resume a law-abiding lifestyle, there is no need for additional time in custody. Indeed, Medina Beltran has shown the Court unequivocally that he can succeed in the future and that he is unlikely to reoffend.

## II. The Applicable § 3553(a) Factors in this Case Support Medina-Beltran's Requested Sentence

Medina-Beltran's requested sentence appropriately balances the competing sentencing factors in this case, reflecting the seriousness of the offense; the need to provide a just punishment; his personal history and characteristics, including his sincere remorse and acceptance of responsibility; and the need for deterrence and public safety. *See* 18 U.S.C. § 3553(a).

This Court must impose a sentence this is "sufficient, but not greater than necessary," to meet the statutory purposes of sentencing. 18 U.S.C. § 3553(a). The federal sentencing statute sets forth several factors this Court must consider, including the Sentencing Guidelines; however, the Guideline range is not presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 351 (2007). Taking into account the Guidelines and all other § 3553(a) factors, this Court must make an "individualized determination based on the facts." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The core facts of this case do not conclude this Court's sentencing analysis. There are other applicable § 3553(a) factors, and an "individualized determination based on the facts" yield's strong support for Medina-Beltran's requested sentence.

***First, when he engaged in the offense conduct, Medina-Beltran had undiagnosed and untreated mental health and substance abuse issues.*** Pretrial monitoring has been a blessing for Medina-Beltran. It forced him to undergo therapy and gave him a route to medication management. No longer consumed by addiction and poor mental health, Medina-Beltran has thrived, maintaining a good job as a landscaper and taking English classes at a community church. See Presentence Report (Doc. 100) at ¶ 6. Medina-Beltran's commitment to a law-abiding lifestyle is evident.

***Second, Medina-Beltran lacked guidance and direction after his father's untimely death.*** Medina-Beltran's father died in 2023 "from lung cancer and a

kidney infection." The death rocked Medina-Beltran's family, and it left Medina-Beltran without essential guidance at a young and vulnerable age. Medina-Beltran's father was strict and verbally abused his children, *see id.* at ¶ 41; even so, his absence left Medina-Beltran desperate for financial stability. Medina-Beltran wanted to be able to support himself and his family, and he made poor decisions with that goal in mind.

***Third, Medina-Beltran has excellent support in the community. Medina-Beltran has thrived since his arrest and release.*** Admittedly, he has made a couple mistakes related to drug and alcohol use, but for most of his time on release, Medina-Beltran has demonstrated that he is a law-abiding, productive member of society. In the future, he "plans to continue residing in Tuscon with his aunt and work as a landscaper." *Id*. at ¶ 44. Medina-Beltran's aunt is extremely supportive. She indicated to the Presentence Report writer that Medina-Beltran "had a difficult time after [his] father's death and engaged in poor behavior and decision-making." *Id*.

Conclusion

Given the applicable § 3553(a) factors in this case, Medina-Beltran's recommended sentence is appropriate. This is Medina-Beltran's first criminal case, and first criminal conviction. Medina-Beltran's post-offense rehabilitation is evident, and there is no need for additional incarceration to accomplish the Court's sentencing goals. Medina-Beltran's requested sentence reflects the seriousness of the offense, provides just punishment, accounts for his unique background, affords adequate deterrence, and ensures public safety.

Respectfully submitted: January 16, 2026.

JON M. SANDS
Federal Public Defender

*s/James D. Rael*
JAMES D. RAEL
Assistant Federal Public Defender
*Attorney for Defendant*