JOSEPH A. DUARTE, #010603
1921 S. Alma School Road
Suite 112
Mesa, AZ 85210
Telephone: 602-326-5882
Attorney for Defendant
papoduarte@gmail.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR24-02018-PHX-SHD |
|---|---|
| Plaintiff, | **SENTENCING MEMORANDUM** |
| vs. | |
| Juan Angel Guerrero, | |
| Defendant. | |

Mr. Juan Angel Guerrero comes before the Court submitting a total concurrence with the sentencing recommendation in the PSR. U.S. Probation recommends the grant of a probation for a period of three years. The defense agrees that the proposal is the best alternative to achieve a sentence that is "sufficient, but not greater than necessary" to effectuate every enumerated factor in 18 U.S.C. Section 3553(a).

**FACTS**

While still a teenager, the client engaged in activity that is textbook "aid and abet" invoking criminal liability. He served as either a middleman or ombudsman that provided access to firearms. On the bottom end, two individuals exploited the opportunity to purchase weapons on the fabricated lie that they would be owners of the purchased rifles. On the top side, it provided the intended owner with the capacity to acquire weapons that he was not legally eligible to purchase. The false statements on federal form 4473 precipitated the purchase of three assault rifles.

Mr. Guerrero operated on the shadowy vagary that connects potential buyers with potential straw purchasers. The ROI's allege that he placed invitation on Facebook to offer a service whose objective is to buy arms. He was repaying the two actual buyers for some personal favors regarding satisfying rental obligations. As straw purchasers, they would have made quick money by profiting from their active misrepresentations regarding ownership.

The co-defendant, who would have been the actual owner, is not a U.S. citizen and evidently has prior contacts with authorities; either fact operates as an absolute bar to purchase or ownership of firearms. Mr. Guerreo reconciled their respective motives and interests by facilitating the functions, procuring funds to buy the merchandise and funneling the money to the straw men. This is best depicted by the narrative comprising the factual basis of the plea agreement. He introduced the players to each other, effectuated the instructions and disbursed the money from the top of the hierarchy to the buyers.

## **GUIDELINE CALCULATIONS**

The defense acknowledges the accuracy of the guideline calculations. The final offense level is 19. The criminal history category is I. He is not assessed any criminal history points but cannot avail himself of the zero-point reduction afforded cases not involving firearm violations. These factors result in a sentencing range of 30-37 months prior to the recommended variance. The defense has no objections.

## **HISTORY AND CHARACTERISTICS**

The client's upbringing was problematic due to a dysfunctional family dynamic. He stumbled by testing positive for substances while on pretrial release. He addressed the issues by accepting the resources that are conducive to avoiding relapse. He is an entirely different person than the individual who committed this offense, owing to his ability to

remain clean and sober, and the maturity demanded by a stable domestic relationship and fatherhood. Adult responsibility and subsequent accountability have prompted him to re-examine his life and the reasons for the decisions that placed him squarely in the chain of events leading to the instant indictment.

The results have been nothing short of dramatic. Watching him around his son underscores his new priorities. He has separated himself from dubious influences that blurred the distinctions between appropriate conduct and illegal behavior. The PSR discerns the progress made by the client and explicitly opposes interrupting the life-confirming productivity that is one of the main objectives expressed in the rehabilitative goals of sentencing.

## DEFENSE THEORY OF SENTENCING

U.S. Pretrial Services has invested mightily in the client's positive changes. Moreover, Mr. Guerrero has invested in himself, doing the work involved in remaining compliant over the course of supervision. The man before the Court for sentencing presents a compelling case for a grant of probation. A fair reading of his compliance foretells of optimism for a probationary grant. The defense concurs.

## MITIGATION

The defense submits the following facts in mitigation:
1. The client's age. He has grown more in the last year and a half as he entered adulthood than he did in the preceding 18 years.
2. Being alcohol and drug free allows him to exercise his cognitive processes more clearly and serve as the foundation for a family.
3. During the past year, his son has acquired the ability to walk and now run. He is prone to charging in every direction, keeping his father vigilant.
4. A positive prognosis exists to perform well on probation.

5. The final consideration involves discovering his latent attributes of courage and fortitude that are necessary for any person to overcome life's challenges.

The defense endorses the PSR recommendation. "Under the post-*Booker*, advisory sentencing guideline regime, the sentencing judge may not presume that the guideline range is reasonable but must make an individualized assessment based on facts presented." *Gall v. U.S.*, 552 U.S. 38. "If the district judge decides the sentence outside the guideline range is warranted, he must consider the extent of the deviation and ensure that justification is sufficiently compelling to support the degree of variance. *Id.*

"The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making-authority." *Rita v. U.S.*, 551 U.S. 338.

**<u>REQUESTED RELIEF</u>**

The defense requests imposition of a grant of probation.

Respectfully submitted this 26th day of February.

 *s/Joseph A. Duarte*
JOSEPH A. DUARTE, Esq.
Attorney for Defendant

<u>*CERTIFICATE OF SERVICE*</u>

*I HEREBY CERTIFY THAT ON FEBRUARY 26, 2026, I ELECTRONICALLY TRANSMITTED THE ATTACHED DOCUMENT TO THE CLERK'S OFFICE AND THE FOLLOWING ECF REGISTRANTS:*

*- The Honorable Sharad H. Desai*

*-Marcus Shand, Assistant U.S. Attorney*

 *s/Joseph A. Duarte*